# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLSTATE PROPERTY AND** ) | |
| **CASUALTY INSURANCE COMPANY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:13cv699 |
| ) | **Electronic Filing** |
| **JOSEPH D. GIERLACH, JR.**, ) | |
| in his capacity as the Administrator of the ) | |
| ESTATE OF RYAN J. GIERLACH, ) | |
| Deceased and individually and ) | |
| **JOSEPH D. GIERLACH, JR.** and ) | |
| **DEBORAH GIERLACH,** individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

September 10, 2015

## I.     INTRODUCTION

Presently before the Court are the September 3, 2014 cross-motions for summary judgment (ECF Nos. 23 and 27) filed, respectively, by Allstate Property and Casualty Insurance Company ("Plaintiff"), and Joseph D. Gierlach, Jr., and Deborah Gierlach (collectively, "Defendants"), pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Each party seeks judgment as a matter of law with respect to Plaintiff's May 20, 2013 Complaint for declaratory judgment (ECF No. 1). This Court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). After careful consideration of the motions, the memoranda of the parties, and the entire record, the Court will grant Plaintiff's motion, and deny Defendants' motion.

## II.     STATEMENT OF THE CASE

The parties concede that the following material facts are undisputed. (ECF Nos. 35 at 1; 36 at 1). Defendant Joseph D. Gierlach, Jr. ("Mr. Gierlach"), obtained automobile

insurance from Plaintiff in June 1997, under policy number 098938018 7/10 (the "Policy"). On June 23, 1997, Mr. Gierlach signed a valid waiver of underinsured motorist ("UIM") coverage. At that time, the Policy only covered one vehicle.

Following the death of Defendants' minor child in a December 10, 2004 automobile accident, Defendants filed a claim with Plaintiff for UIM benefits. Defendants were denied payment, despite having added another vehicle to the policy for which no additional waivers had been executed. Likewise, no waivers for stacking of benefits had been provided by Plaintiff. Plaintiff thereafter filed its Complaint in this Court on May 20, 2013, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff claims that 75 Pa.C.S. §§ 1731 and 1791 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") only require one validly executed waiver to preclude Defendants from seeking UIM payments, regardless of whether cars were subsequently added to the Policy. Defendants filed their Answer in opposition on July 19, 2013. (ECF No. 5). The parties then filed cross-motions for summary judgment on September 3, 2014. (ECF Nos. 23 and 27). The matter has been fully briefed (ECF Nos. 24, 25, 26, 28, 29, 30, 33, 34, 35, and 36), and is ripe for disposition.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*. 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health Sys. v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine

issue for trial. Fed. R. Civ. P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence – more than a scintilla but less than a preponderance – which supports each element of his claim to defeat a properly presented motion for summary judgment).

The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e, depositions, answers to interrogatories, and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322. *See also Saldana v. Kmart Corp.*, 260 F.2d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F.App'x 211, 213 (3d Cir. 2010) (quoting *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005)). When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S 574, 587 (1986). *See also El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007).

### IV. DISCUSSION

Sections 1731 and 1791 of the MVFRL require automobile insurers in Pennsylvania to offer UIM coverage, and further provide the specific forms and contractual language required for an insured to effectively waive UIM coverage. There is no allegation by Defendants that either the June 23, 1997 waiver, or the Policy itself, failed to comport with the requirements of Sections

3

1731 or 1791. Instead, Defendants argue that – similar to cases involving waivers executed in accordance with 75 Pa.C.S. § 1738 – Plaintiff was required to provide a new waiver form to Defendants whenever a car was added to the Policy. Plaintiff's failure to do so allegedly provides Defendants with stacked UIM coverage, by default. Despite Defendants' regrettable circumstances, this argument is unavailing.

In a factually similar case before the Superior Court of Pennsylvania, insureds were denied UIM benefits in spite of having added vehicles to an automobile insurance policy *after* the execution of a UIM benefits waiver. *Smith v. The Hartford Ins. Co.*, 849 A.2d 277 (Pa. Super. Ct. 2004). The Superior Court noted that the MVFRL is to be liberally construed, and uncertainty interpreted in favor of finding coverage. *Id.* at 279. Nonetheless, the court held that the plain language of Sections 1731 and 1791 evidence the Pennsylvania legislature's intent that – once properly waived – UIM coverage not be reinstated absent affirmative action on the part of the insureds. *Id.* at 280 – 81.

The Supreme Court of Pennsylvania reinforced the holding in *Smith* when it determined that the addition of a vehicle to a policy wherein UIM coverage was previously waived in accordance with Sections 1731 and 1791 was not analogous to the case of insureds waiving stacking when vehicles were added to a policy that still included UIM coverage. *Sackett v. Nationwide Mut. Ins. Co.*, 591 Pa. 416, 423 (2007). The district court in *Glazer v. Nationwide Mut. Ins. Co.* summarized the above case law thusly: "a decision to reject UIM benefits carries forward until affirmatively changed. [T]here is nothing in [Section] 1731 counseling otherwise." 872 F.Supp.2d 396, 402 (M.D. Pa. 2012).

Due to Mr. Gierlach's wholesale waiver of UIM benefits available under the Policy, the addition of cars to the Policy at a later date was not a "subsequent purchase of UIM coverage," and was not sufficient to constitute affirmative action by Defendants to reinstate UIM coverage. *Id.*

4

Defendants' arguments regarding stacking are irrelevant, because with the prior, effective waiver of UIM coverage on June 23, 1997, Mr. Gierlach no longer had UIM benefits to stack. Plaintiff's Motion for Summary Judgment must, therefore, be granted.

**IV. CONCLUSION**

Based upon the forgoing, the Court finds that Defendants' valid June 23, 1997 waiver of UIM coverage carried forward when new cars were added to the Policy, and no stacking waivers were required because there was no UIM coverage to stack. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, and Defendant's Motion for Summary Judgment will be denied. An appropriate Order follows.

s/ DAVID STEWART CERCONE
David Stewart Cercone
United States District Judge

cc: R. Sean O'Connell, Esquire
Doug J. Olcott, Esquire

(*Via CM/ECF Electronic Mail*)